**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-CIV-24502-BLOOM/Valle
14-CIV-20933-BLOOM/Valle

ALEXANDER GONZALEZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant.
_____/

LUIS RODRIGUEZ, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant.
_____/

**FINAL ORDER AND JUDGMENT**

    On March 12, 2014, Luis Rodriguez ("Plaintiff Rodriguez") filed a class action complaint before this Court (the "Rodriguez Action") against Defendant Dynamic Recovery Solutions, LLC ("DRS" or "Defendant"), asserting putative class claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. On April 29, 2014, Plaintiff Alexander Gonzalez filed a class action complaint (the "Gonzalez Action") against DRS in the United States District Court for the Western District of Washington, Case No. 2:14-cv-00634-

RAJ, asserting putative class claims arising under the FDCPA. The Gonzalez Action has since been transferred to this Court, and consolidated with the Rodriguez Action for settlement purposes (the Rodriguez Action and the Gonzalez Action will be hereinafter referred to as the "Lawsuit").

DRS has denied any and all liability alleged in the Lawsuit.

On December 31, 2014, after class certification discovery, depositions of the corporate representatives of DRS, the filing of a renewed motion for class certification by Plaintiff Rodriguez, and extensive arm's-length negotiations, Plaintiffs and Defendant (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On January 5, 2015, the Plaintiffs filed the Settlement Agreement, along with their Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

On January 14, 2015, upon consideration of Plaintiffs' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Luis Rodriguez and Alexander Gonzalez as the Class Representatives; (iv) appointed James L. Davidson, Michael L. Greenwald, and Aaron D. Radbil of Greenwald Davidson PLLC as Class Counsel; and, (v) set the date and time of the Final Approval Hearing.

On February 6, 2015 the Plaintiffs filed their Motion for Final Approval of Class Action

Settlement (the "Final Approval Motion").

On February 20, 2015, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, **ECF No. [58]**, is hereby **GRANTED** as follows:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States for whom, between March 12, 2013 and April 28, 2014, Dynamic Recovery Solutions, LLC left a voice message/voice recording, in connection with an attempt to collect any purported consumer debt, where the caller failed to state that she/he was a debt collector.

3. The Parties believe that there are in excess of 180,700 Class Members.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiffs Luis Rodriguez and Alexander

Gonzalez as the Class Representatives and James L. Davidson, Michael L. Greenwald, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g., Ritchie v. Van Ru Credit Corp.*, Case No. 2:12–CV–01714–PHX–SMM, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014); *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664 (S.D. Fla. 2014).

5. **NOTICE** – Rule 23(b)(2) of the Federal Rules of Civil Procedure does not require notice to the Class in this situation. *See Jefferson v. Ingersoll Int'l. Inc.*, 195 F.3d 894, 897 (7th Cir.1999) ("Rule 23(b)(2) authorizes a no-notice and no-opt-out class for 'final injunctive relief ... [that operates] with respect to the class a whole."); *Crawford v. Honig*, 37 F.3d 485, 487 n. 2 (9th Cir. 1995) (observing that the right to notice does not apply to class actions brought under Rule 23(b)(2)); *Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 506 (5th Cir. 1981) (same); *see also Doe v. Bush,* 261 F.3d 1037 (11th Cir. 2001), cert denied, 534 U.S. 1104, 122 S.Ct. 903, 151 L.Ed.2d 872 (2002). *"Bolton* reaffirmed the holding in *Bing* and also recognized that, as a general matter, a Rule 23(b)(2) class does not require class-wide notice as a precondition for its existence."). Here, a no-notice class is appropriate. By the express terms of the Settlement Agreement, Defendant will only receive releases from the named Plaintiffs in this litigation. None of the absent Class members will be releasing any claims that they may have against Defendant, and those absent class members' claims are tolled through any final judgment in this case. As absent class members' claims are not being compromised by the settlement, and in light of the circumstances, sending notice to over 180,000 persons was neither warranted nor practicable.

6. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is

       impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiffs are typical of the claims of the Class Members;

D.    The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members;

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy; and

F.    Defendant is alleged to have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

7.    **SETTLEMENT TERMS** – The Settlement Agreement, which is attached hereto as **Exhibit A** and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

A.    **Nationwide Injunction** – DRS is ordered to comply with the FDCPA at 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11) with regard to debt collection phone calls made to consumers throughout the United States in that it must:

    i.    disclose that it is a debt collector in all future voicemails it leaves for consumers in connection with the collection of a consumer debt, including voicemails left

manually, voicemails left in a prerecorded manner and voicemails left by any third-party that DRS contracts with to make consumer debt collection calls;

      ii.    disclose that it is attempting to collect a debt in all future initial communications that it has with consumers in connection with the collection of a consumer debt, including if the initial communication consists of a voicemail for the consumer; and

      iii.    maintain records evidencing the content of voicemails DRS leaves for consumers in connection with the collection of consumer debt.

DRS has designated Jason Hinkle, its Vice President of Operations, as the individual at DRS whose job responsibilities will include ensuring DRS complies with this injunction. Should Mr. Hinkle cease being employed by DRS at any point in the future, the individual hired by DRS to take his place will, as part of his or her job responsibilities, be tasked with ensuring DRS's compliance with this injunction.

    B.    *Cy Pres* **Distribution** – DRS will pay $15,000.00 to the Legal Aid Society of Palm Beach County, Inc. as a *cy pres* distribution.

    C.    **Payments and Incentive Awards to Plaintiffs** – DRS will pay $1,000.00 each to Plaintiff Rodriguez and Plaintiff Gonzalez for damages under 15 U.S.C. § 1692k(a)(2)(A) and DRS will pay an additional $1,000.00 each to Plaintiff Rodriguez and Plaintiff Gonzalez for their work performed on behalf of the Class.

    D.    **Attorney's Fees and Expenses for Class Counsel** – Defendant shall pay Class Counsel $65,000.00 for attorneys' fees and expenses, which is based in part upon Class Counsel's reasonable hourly rate of $400 per hour. The attorneys' fees and expenses shall be paid by DRS separate and apart from the *cy pres* distribution, and the Payments and Incentive Awards to Plaintiffs.

8. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the net worth of the Defendant; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and, the limited amount of any potential total recovery for the Class.

9. Defendant has made certain admissions during the discovery phase of this Lawsuit to Class Counsel concerning the number of class members, and its net worth. Given the cap on statutory damages for class actions brought pursuant to the FDCPA, *see* 15 U.S.C. § 1692k(A)(2)(B) (limiting statutory damages for all class members other than the named plaintiffs to "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector"), discovery has demonstrated that, if Plaintiffs were to have prevailed on the merits at trial and on appeal, the maximum amount of statutory damages available under 15 U.S.C. § 1692k for each unnamed class member would have been less than fifteen cents.

10. Had this matter proceeded as a contested matter and had Plaintiffs prevailed on all issues, the following relief could have been awarded: (a) up to but no more than $1,000.00 in statutory damages to each named Plaintiff; (b) a discretionary incentive award to each named Plaintiff; (c) less than fifteen cents per putative class member in statutory damages; and (d) Plaintiffs' reasonable attorneys' fees and costs. Such relief would have only been obtained if Plaintiffs proved liability.

11. By settling, Plaintiffs secured prospective relief by way of an injunction, brought about an early resolution to the litigation, limited attorneys' fees and costs, and obtained nationwide injunctive relief prohibiting Defendant from engaging in the complained of practice in the future.

12. Were the Class to recover statutory damages at the maximum allowable under the FDCPA, such recovery would not be sufficient to justify a class wide distribution, especially when taking into account the costs of administering such a settlement. Consequently, in lieu of a class wide settlement, Defendant has agreed to make a *cy press* payment in the amount of $15,000.00 to the Legal Aid society of Palm Beach County, Inc., which is approximately the maximum amount of statutory damages that Defendant could have been liable for to the Class if Plaintiffs were to prevail on the merits at trial and on appeal.

13. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Plaintiffs and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

14. No other Class Member, aside from the Plaintiffs, are deemed to have released any claims against the Released Parties, and those absent Class Members' claims are tolled through the date of this Final Judgment. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354-55 (1983) (holding that the commencement of a class action suspends the applicable statute of limitations for all asserted members of the putative class until a class certification decision is made); *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003) (the absent

class members will not be prejudiced because the statute of limitations on their claims was tolled upon the commencement of the action).

15. The Lawsuit is hereby **DISMISSED WITH PREJUDICE** to Plaintiffs, and **WITHOUT PREJUDICE** as to all other members of the Class.

16. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

17. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

18. The Court orders DRS to pay $15,000.00 to the Legal Aid Society of Palm Beach County, Inc. as a *cy pres* distribution. DRS is to make the payment to the Greenwald Davidson Radbil PLLC Trust Account within ten calendar days after this Order becomes final (non-appealable), and Class Counsel are ordered to then transmit the *cy pres* award to the Legal Aid Society of Palm Beach County, Inc. within five days thereafter.

19. The Court grants Plaintiffs' request for incentive awards in the amount of $1,000.00 to each of the named Plaintiffs. Separately, the Court awards each of the named Plaintiffs $1,000.00 in statutory damages. DRS is to make these payments to the Greenwald Davidson Radbil PLLC Trust Account within 10 calendar days after this Order becomes final (non-appealable).

20. The Court finds Plaintiffs' request for attorneys' fees and expenses to be fair and reasonable, and, therefore, Plaintiffs' Motion for Attorneys' Fees, **ECF No. [59]**, is **GRANTED**.

DRS is to pay the attorneys' fees and expense award of $65,000.00 as follows: (1) $15,000 within 10 calendar days after this Order becomes final (non-appealable); and (2) $10,000 every 30 calendar days thereafter until the $65,000 is paid in full.

21.     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of February, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record